## CIRCUIT COURT OF FREDERICK COUNTY

In re Change of Name
of Dustin Robert Stickel

July 25, 1986

Case No. (Chancery) C-86-111

By JUDGE ROBERT K. WOLTZ

This involves the application under Code § 8.01-217 by the divorced natural mother of a two-year-old infant to change his surname to her maiden name. She has his custody by virtue of a divorce decree. Whether she never gave up her maiden name or resumed it in some way is unclear. She and the child live with her parents. The natural father objects, as a consequence of which *ore tenus* hearing was had for the statutory purpose "to determine whether the change of name is in the best interest of the minor." In the case of a minor the mandate of the statute is that the Court shall order the name change "unless the evidence shows . . . the change of name is not in the best interest of the minor."

The application is denied on the authority of *Flowers v. Cain*, 218 Va. 234 (1977). There without the present statutory direction the Court stated that the determination must be made on the basis of the best interest of the child. The case also established that the burden of proof on this requirement lay with the applicant. These two principles have been reaffirmed even where objection was made to the change by the father of an illegitimate child in the recent case of *Beyah v. Shelton*, 231 Va. 432 (1986).

The father is twenty-one and the mother twenty. They were married in May, 1983, separated in October, 1983, while the child was *en ventre sa mere* and divorced October, 1984, after the birth of the child in March, 1984. The divorce decree ratified and incorporated a separation agreement, which granted the father visitation rights

and required of him cash child support payments and payment of one-half of medical expenses.

They have resorted to the Juvenile and Domestic Relations District Court about three times on the matter of support arrearages and problems concerning visitations. As reasons for the change of name the mother testified the defendant had given himself a bad name, that the child should have her name as he lives with her and she will be putting him through school. Evidence from her witnesses disclosed that the defendant used alcohol and marijuana on a rather frequent basis, had done so in the presence of the child, worked somewhat irregularly and with frequent changes, had been in jail for a week recently and was known to keep late hours on weekend partying. There was also evidence that on receiving $4,000 from his father's estate he did not use it to eliminate the arrears in child support either as to the cash payments or accrued medical expenses. This arrearages in child support, including medical expenses, is in dispute, estimates ranging from $900 to $2,400.

The father paid all the expenses attendant on the child's birth though is behind on paying his share of two subsequent hospitalizations. As to one he offered $300 in cash, which the mother refused because she wanted a money order, and he claimed lack of knowledge as to the second until these proceedings were commenced. She claims he is $1,400 behind in cash support and testified she told him he could not see the child unless he paid the arrears up in full. There is evidence that exercise of visitation rights had been difficult unless he paid the arrearages "up front."

The father carries two life insurance policies, one at work on which he pays a portion of the premiums, the child being primary beneficiary of one and the secondary beneficiary after the mother on the other. He has made considerable effort to exercise his visitation rights but to a degree has been frustrated in those efforts by the mother. Other than the evidence of his use of marijuana in the presence of the child there is none to show he has neglected or mistreated the child during visitations or that the child has suffered from them. He makes Christmas and birthday gifts to the child. It is a fair conclusion from the evidence that he loves his

child. His week in jail was apparently derivative from traffic violations by him and involved no moral turpitude.

The reasons asserted by the mother for the change of name are too insubstantial to warrant it. The evidence shows the father is much attached to the child and has not abandoned it physically or financially. Against obstacles thrown in his way he has made reasonable effort to exercise his visitation rights and while in arrears in the serious matter of supporting his infant son this is in part due to the refusal of the mother at times to accept proffered support. This last item gives the appearance nearly that she was calculatedly endeavoring to create grounds for the change of name.

Important as well is the fact that the father, though not wholly exemplary, suffers some from the wildness and instability of youth, which well may pass. On the whole he is as good a parent as many and better than some, especially among those who find themselves separated from their children through divorce and loss of custody. Bitterness of the mother against the father seems to be a substantial factor in motivating her application. Extreme alienation of the parents from one another is no basis for changing a child's name. The best interest of the child is the foundation for such a change and the applicant here has failed on this point to bear her required burden of proof. The Court admonishes the parties that for the sake of their child each should and must abide by existing court orders concerning visitation and support. Neither has any legal right to do unilaterally what each has done, namely deny or frustrate visitation rights because of failures to pay support and failures to pay support because of denial of visitation rights. These acts are contrary to court orders and lead to a vicious cycle which unavoidably is hurting their child. Neither should use the child or frustration of visitation rights or failures to make support payments to "get back at" the other. They must realize that the innocent child whom they both love will suffer from their selfish actions. Suggestion is made that if there are substantial violations with regard to court-ordered visitation rights or support that the aggrieved party rectify the matter by legal steps and not attempt to do so on his or her own in violation of those orders.